13-2182-cv
*B.M. v. New York City Dep't of Educ.,*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of June, two thousand fourteen.

Present:
> ROBERT D. SACK,
> DEBRA ANN LIVINGSTON,
> RAYMOND J. LOHIER, JR.,
>
> *Circuit Judges.*

---

B.M., INDIVIDUALLY AND ON BEHALF OF E.M., A CHILD WITH A DISABILITY,

> *Plaintiff-Appellant,*

v.                                                    13-2182-cv

NEW YORK CITY DEPARTMENT OF EDUCATION,

> *Defendant-Appellee.**

---

For Plaintiff-Appellant:         PHILIP B. ABRAMOWITZ, Cuddy Law Firm, P.C., Auburn, New York

For Defendant-Appellee:          MICHAEL J. PASTOR (Kristin M. Helmers and

---

* The Clerk of Court is directed to amend the caption to conform to the listing above.

Brian J. Reimels, *on the brief*), of Counsel, *for* Zachary Carter, Corporation Counsel of the City of New York, New York, New York

Appeal from a judgment of the United States District Court for the Southern District of New York (Furman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff B.M. appeals an award of summary judgment in favor of the New York City Department of Education (the "District"), which B.M. alleges failed to provide her son E.M. with a free and appropriate public education ("FAPE") in violation of the Individuals with Disabilities Education Act (the "IDEA"), 20 U.S.C. § 1400 *et seq.* "We review *de novo* a district court's award of summary judgment in an IDEA case." *P. ex rel. Mr. & Mrs. P. v. Newington Bd. of Educ.*, 546 F.3d 111, 118 (2d Cir. 2008). We also assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

The IDEA provides states with funds to ensure that "all children with disabilities" receive a FAPE. *Cerra v. Pawling Cent. Sch. Dist.*, 427 F.3d 186, 192 (2d Cir. 2005). A state receiving these funds must then create an individualized education plan ("IEP") for each qualifying student, tailored to that child's abilities and needs, *see* 20 U.S.C. § 1414(d), which is "reasonably calculated to enable the child to receive educational benefits," *Bd. of Educ. v. Rowley*, 458 U.S. 176, 207 (1982). If a parent believes that her child's IEP or the school's implementation of the IEP does not comply with the IDEA, the parent may file a "due process complaint" with the appropriate state agency. *See* 20 U.S.C. § 1415(b)(6). Districts are then permitted a thirty-day "resolution period" to address alleged deficiencies without penalty. *See id.* § 1415(f)(1)(B). In light of the resolution

period, a parent must assert all alleged deficiencies in the due process complaint lest a claimant be permitted to "sandbag" school districts at a later stage in the proceeding. *See R.E. v. N.Y.C. Dep't of Educ.*, 694 F.3d 167, 187-88 & n.4 (2d Cir. 2012), *cert. denied*, 133 S. Ct. 2802 (2013). Once the resolution period has run, a parent may continue to a due process hearing before an independent hearing officer ("IHO") and appeal the resulting decision to a state review officer ("SRO"). *See* 20 U.S.C. § 1415(f); N.Y. Educ. Law § 4404(2). Only after the state administrative process is exhausted may either party bring a civil action in state or federal court to challenge the SRO's decision. *See* 20 U.S.C. § 1415(f)-(g), (i).

On appeal, B.M. primarily asserts that E.M.'s teacher's lack of special education certification denied E.M. a FAPE, and that the district court erred in determining that it lacked jurisdiction over this claim due to B.M.'s failure to include the claim in her due process complaint. We have repeatedly held that the "[f]ailure to exhaust the [IDEA's] administrative remedies deprives the court of subject matter jurisdiction." *Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 245 (2d Cir. 2008) (citing *Polera v. Bd. of Educ. of Newburgh*, 288 F.3d 478, 483 (2d Cir. 2002)). In support of her claim, B.M. argues that we must abandon this precedent in light of Supreme Court decisions clarifying the nature of jurisdictional bars. *See, e.g.*, *Gonzalez v. Thaler*, 132 S.Ct. 641, 648 (2012) (directing that courts interpret statutory requirements to be jurisdictional only where "the [l]egislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional," whereas if "Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional" (internal quotation marks omitted)). We conclude, however, that the issue need not be decided here. The District has challenged B.M.'s failure to exhaust from its first opportunity, mooting the determination whether

3

the exhaustion requirement is jurisdictional or operates as an affirmative (and, here, successful) defense.

B.M. argues to the contrary that she raised the certification issue in her complaint, thus exhausting the claim, and that the District "opened the door" to her claim. However, none of the nine detailed claims in B.M.'s due process complaint can be interpreted to encompass special education certification, and the District's only mention of the relevant teacher's qualifications at the hearing came during foundational questions, not in support of an affirmative, substantive argument. *See M.H. v. N.Y.C. Dep't of Educ.*, 685 F.3d 217, 250 (2d Cir. 2012) (applying "opening the door" exception to exhaustion when the district made an affirmative argument in its opening statement and through its first witness, and the parents countered the argument in rebuttal). B.M. also argues that the issue of teacher certification is excused from the exhaustion requirement because it concerns the "implementation" of E.M.'s IEP and not its content. *See Polera*, 288 F.3d at 488-89. However, B.M. did not raise this argument before the district court, and it is therefore waived.

Finally, B.M. asserts several procedural challenges that were raised in her due process complaint. However, B.M. offers no reason to depart from the IHO's finding that these claims were "substantially resolved" during the resolution period, when the District was permitted to resolve B.M.'s complaint without penalty. *See Gagliardo v. Arlington Cent. Sch. Dist.*, 489 F.3d 105, 113 (2d Cir. 2007) (instructing courts to give "due weight" to state IDEA proceedings). Moreover, at oral argument, B.M. stated that the only relief she sought was a remand to the IHO for a determination whether E.M. is entitled to corrective services. Because the IHO has already determined that E.M. is not entitled to corrective services on the basis of these claims, we also deem these claims to be moot and rightly dismissed.

4

We have considered all of B.M.'s remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the district court's grant of summary judgment in favor of the District.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk